| | |
|---|---|
| Vicenza Campana | |
| vs. | No. 91346. |
| Daniel F. McWilliams | |

February 20, 1934.

O'CONNELL, J. This case was heard on February 3, 1934, on the plaintiff's motion for a new trial, after a jury on January 5, 1934, had returned a verdict for the defendant.

The action is trespass on the case for negligence, the plaintiff suing for injuries which she claims to have sustained on December 2, 1932, as a result of the negligent operation of an automobile owned and operated by the defendant.

The evidence shows that the defendant was operating his car on Whitford Avenue, in a westerly direction, toward Academy Avenue and approaching the intersection of Whitford Avenue and Nelson Street. The plaintiff on her way to work was crossing Whitford Avenue diagonally, travelling toward the southwesterly corner of Whitford Avenue and Nelson Street. Just as she was about to step from the gutter to the curbing on the southerly side of Whitford Avenue, she was struck by the defendant's car, which was in collision with another car near the intersection of Whitford Avenue and Nelson Street, the other car approaching Whitford Avenue from the north.

The plaintiff testified that she saw the defendant's car approaching about two blocks away, towards Sharon Street; that she still saw it coming when she was about half way across Whitford Avenue; that when she was about four or five feet from the curbing she heard a crash and as she put one foot in the gutter, the defendant's car struck her. This would place the defendant's car on the extreme left of the road, where it was pushed as a result of the collision with the car coming from Nelson Street or turned by the defendant in a belated attempt to avert the collision. Both cars were badly damaged and a daughter of the driver of the car coming from Nelson Street died as a result of her injuries.

The plaintiff took reasonable precaution before she started to cross the street, looked again as she was crossing and had gotten beyond the natural path of travel of the defendant's car, when she was struck by the defendant's car after it had collided with the other car approaching from Nelson Street. In the opinion of the Court she was an innocent pedestrian and not guilty of any contributory negligence. The collision between the two cars, which caused the defendant's car to completely change its course, was the direct and immediate cause of her injury.

Was this collision and its consequent results to the plaintiff due in whole or in part to the negligence of the defendant, and was his negligence either the sole or concurrent cause of the plaintiff's injuries?

The defendant is a very high type of individual, who tried conscientiously to relate events as well as he could recall them. But on his own story, the Court feels that his conduct was one of the efficient causes of the plaintiff's injuries and that such conduct amounted to negligence.

He testified that he was driving on the right side of Whitford Avenue, going toward Academy Avenue, at a speed of 20 - 25 miles per hour; that as he approached Nelson Street he slowed down to about 15 miles per hour; that he looked to the right when he was about 15 feet from Nelson Street, and that he saw a car on Nelson Street, about 20 - 25 feet away, at least; that he then continued on across Nelson Street and got beyond the intersection; that he then saw the car coming from the right, put on speed to get out of the way and swung his car over toward the left and that the Nelson Street car struck his car at the rear door on the right. *He stated that prior to the accident he did not see any pedestrian in the road*, although the evidence would seem to clearly establish the fact that the plaintiff crossed the street diagonally in front of him and that he could have seen her if he had been observing conditions on the road ahead. On cross-examination he stated that he did not know whether the Nelson Street car was coming on the left, the center or the right of Nelson Street. He first testified that he never put his brakes on when he came to an intersection, then that he put his brakes on when he got to this intersection, then before he entered the intersection and then ten (10) feet back from the intersection; that he first saw the car on his right when he was about 15 feet from Nelson Street, and next saw it when he got to the middle of the intersection, at which time it was about 10 feet away; *that he was looking straight ahead all the time before the accident and that he saw no person on Whitford Avenue.* It is clear, however, that the plaintiff did cross the street diagonally in front of him, and had passed beyond his line of travel, when she was struck by his machine as it changed its course after the collision.

He could not say how fast the Nelson Street automobile was coming and yet he did not look at it again until he came to the intersection, at which time he says it was going more than 20 - 25 miles per hour.

The defendant seemed to know little of the details of the collision, could not tell definitely how his car got over to the left side of the road and could not tell where he was looking at the time of the collision.

The Court is of the opinion, notwithstanding the verdict of the jury, that the verdict does not do justice between the parties, that the plaintiff has established, by a fair preponderance of the testimony, due care on her part and negligence upon the part of the defendant, which negligence was the cause or at least one of the efficient causes of her injuries, and that a new trial should be granted.

A new trial, therefore, is hereby ordered, in accordance with this rescript.

For plaintiff: Michael Addeo.

For defendant: Sherwood & Clifford.